**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| AARON JOHNSON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO: 1:22-cv-855 |
| | ) |
| GEO SECURE SERVICES, LLC, | ) |
| | ) |
|    Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.   NATURE OF THE CASE

1. Plaintiff, Aaron Johnson ("Plaintiff"), by and through counsel, brings this action against Defendant, GEO Secure Services, LLC, ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq*. and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*.

### II.   PARTIES

2. Plaintiff is a resident of Wayne County in the State of Indiana, who at all times relevant to this litigation resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

### III.   JURISDICTION AND VENUE

1

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 42 U.S.C. § 12117(a); and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5) and 42 U.S.C. § 2000e(b).

6. Plaintiff was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and 42 U.S.C. § 2000e(f).

7. Plaintiff is a "qualified individual" with a disability as defined by the ADA, 42 U.S.C. §12102(2) and §12111(8) and/or Defendant knew of Plaintiff's disability and/or disregarded Plaintiff as being disabled and/or Plaintiff had a record of being disabled.

8. Plaintiff exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on gender, disability, and sexual harassment. Plaintiff received his Notice of Suit Rights and timely files this action within ninety (90) days of receipt.

9. A substantial part of the events, transactions, and occurrences concerning this lawsuit arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. On or about May 21, 2007, Plaintiff began working for Defendant.

11. Most recently, Plaintiff held the position of a Training Coordinator.

12. On or about May 10, 2021, Plaintiff reported to the Human Resources Manager, Danielle Houser, that he was being sexually harassed by a Wexford Health Services employee, his

ex-wife, Celest Jones. Plaintiff had previously reported the same to his direct supervisor, Kimberly Gard.

13. More specifically, in or around March 2021, Ms. Jones shared with both inmates and Plaintiff's coworkers that he suffered from psychogenic erectile dysfunction and infertility.

14. Since then, Plaintiff suffered harassment on a near daily basis from co-workers and inmates who mocked his disability publicly with the intent to ridicule him.

15. At one point, Plaintiff was conducting a training course that had in attendance Rachel Shilling, the supervisor of his ex-wife, and Heather Owens, his ex-wife's best friend. During the course, Plaintiff caught the two individuals laughing and having side conversations that he had reason to believe pertained to his disability.

16. In or around May or June 2021, Plaintiff heard Hannah Winningham and Danolda "Donnie" Brown, of the Human Resources Department, laugh at Plaintiff after Ms. Winningham called him "limpy dick." The two only stopped when told to do so by their Human Resources co-worker, David Denney.

17. Two weeks after Plaintiff submitted his complaint, Ms. Houser resigned.

18. The following day, Sammy Joseph, the head of Internal Affairs, contacted Plaintiff regarding his claim. Mr. Joseph told Plaintiff that the corporate office would not investigate the matter unless another party came forward to substantiate Plaintiff's claims.

19. On May 20, 2021, Dawn Denny sent Mr. Joseph an email stating that she heard Ms. Winningham, Ms. Brown, and Ms. Brittany Chesher discussing Plaintiff's disability following a conversation with his ex-wife, Ms. Jones, in which she described in graphic detail the process he engaged in to combat his psychogenic erectile dysfunction.

20. Plaintiff was not interviewed by Internal Affairs regarding his claim until on or about August 8, 2021.

21. By that point, the harassment had escalated to the point where Plaintiff was so inconsolable during work that he was unable to conduct the training courses required of him as the training coordinator.

22. Plaintiff was ultimately taken off of work by his physician.

23. On or about September 25, 2021, Plaintiff contacted the GEO Eastern Regional Human Resources manager, Nicole Moody. He complained of the harassment he was experiencing and requested her help to stop it but received no assistance.

24. Furthermore, on or about September 25, 2021, Defendant provided Plaintiff with the results of their investigation. The investigation concluded that Plaintiff was being harassed by Ms. Jones; however, because she was not Defendant's employee, they could not take action against her. Defendant informed Plaintiff that they were in the process of speaking with Ms. Jones' employer to stop the harassment.

25. Several days later, on September 29, 2021, Officer (first name unknown) Kirk confronted Plaintiff outside of work regarding Plaintiff's complaints. Officer Kirk verbally berated and physically threatened Plaintiff until he left the area. Plaintiff reported the incident the next day to his Human Resources manager; however, no steps were taken.

26. Similarly situated, female employees had their allegations taken more seriously and investigated more thoroughly than Plaintiff.

27. For instance, Officer (first name unknown) Swim, was a female employee. When the Human Resources department discovered that she was being harassed and had personal information discussed publicly against her will by various staff members, they took proactive steps

to stop the incident from escalating. More specifically, they identified the individuals sharing the private information and spoke to them directly, quickly bringing a halt to any inappropriate conversations.

28. Defendant offered Plaintiff a lower paying position at a different facility further away from his home. Based on that, and the fact that Plaintiff could not be sure that the information regarding his disability had not spread to the subsequent facility as well, Defendant's offered accommodation was not reasonable.

29. The harassment endured by Plaintiff forced him to take extended medical leave beginning on or about August 26, 2021 and prevented him from being able to return to work, causing his employment to be terminated on March 8, 2022.

## V.    CAUSES OF ACTION

### COUNT I: TITLE VII – SEXUAL HARASSMENT

30. Plaintiff hereby incorporates paragraphs one (1) through twenty-nine (29) of his Complaint.

31. Plaintiff was sexually harassed and subjected to a hostile work environment.

32. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

33. Defendant's actions were willful, intentional, and done with reckless disregard for Plaintiff's civil rights.

34. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: TITLE VII – GENDER DISCRIMINATION

35. Plaintiff hereby incorporates paragraphs one (1) through thirty-four (34) of his Complaint.

36. Plaintiff was discriminated against by not having his harassment claim investigated in a prompt and timely manner resulting in his ultimate termination.

37. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

38. Defendant's actions were willful, intentional, and done with reckless disregard for Plaintiff's civil rights.

39. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

### COUNT III: ADA – DISABILITY DISCRIMINATION

40. Plaintiff hereby incorporates paragraphs one (1) through forty (40) of his Complaint.

41. Defendant failed to engage in the interactive process to identify a reasonable accommodation for Plaintiff's disability.

42. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the ADA.

43. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

### VI.    REQUESTED RELIEF

**WHEREFORE**, Plaintiff, Aaron Johnson, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1) An accommodation that is equal to the position, salary, and seniority level he would have had but for Defendant's unlawful actions and the termination of the employees perpetuating Plaintiff's harassment; and/or award front pay to Plaintiff in lieu thereof;

2) All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3) Compensation for any and all other damages suffered because of Defendant's unlawful actions;

4) Compensatory damages;

5) Punitive damages;

6) All attorney's fees and costs incurred as a result of bringing this action;

7) Pre- and Post-Judgment interest on all sums recoverable; and,

8) All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

*/s/ Diana Kozlova*_____
Andrew Dutkanych, Attorney No. 23551-49
Diana Kozlova, Attorney No. 36668-02
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:      (317) 991-4765
Facsimile:       (812) 424-1005
Email:             ad@bdlegal.com
Email:             dkozlova@bdlegal.com

*Counsel for Plaintiff, Aaron Johnson*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Aaron Johnson, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*/s/ Diana Kozlova*
Andrew Dutkanych, Attorney No. 23551-49
Diana Kozlova, Attorney No. 36668-02
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991-4765
Facsimile:    (812) 424-1005
Email:          ad@bdlegal.com
Email:          dkozlova@bdlegal.com

*Counsel for Plaintiff, Aaron Johnson*